## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BRIAN DIETRICH,                          :
2628 Mildred Street, Philadelphia, PA    :
                                         :
                        Plaintiff,       :        CIVIL ACTION
                                         :
                                         :        NO.
        vs.                              :
                                         :        **JURY TRIAL DEMANDED**
SAMUELS AND SON SEAFOOD CO,              :
INC., MARK FALCONE                       :
3400 S. Lawrence Street, Philadelphia, PA  :
                                         :
                        Defendants.      :
                                         :

### COMPLAINT

1.   Plaintiff, Brian Dietrich (hereinafter "Plaintiff"), a former employee of Defendant Samuels and Son Seafood Co, Inc. (hereinafter "Defendant Samuels") files this Complaint against Defendant Samuels and its general manager Mark Falcone ("Defendant Falcone") to recover damages, including punitive damages, liquidated damages and attorney's fees and costs under the Fair Labor Standards Act ("FLSA") and the Pennsylvania Wage Payment and Collection Act ("PWPCA") for retaliation and failure to pay wages .

### JURISDICTION

2.   The foregoing paragraph is incorporated herein as if set forth in its entirety.

3.   This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims herein arise under the laws of the United States, the FLSA, 29 U.S.C.A. § 201 *et seq.* This Court has supplemental, jurisdiction over Plaintiff's state law claims because those claims arise out of the same nucleus of operative facts as the FLSA claims.

{J0163657.DOCX}

4.  This Court may properly maintain personal jurisdiction over Defendants because Defendants' contact with this state and this jurisdiction are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice.

5.  Venue is properly laid in this judicial district pursuant to 28 U.S.C. §§139(b)(1) and (b)(2) because Defendants resides in and/or conducts business in this judicial district and because of a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## PARTIES

6.  The foregoing paragraphs are incorporated herein as if set forth in full.

7.  Named Plaintiff is an adult individual with an address as set forth above.

8.  Defendant, Samuels is an entity operating a wholesale seafood business at the address as set forth above.

9.  Defendant Falcone is the general manager of Samuels and is a decision maker with respect to the decisions regarding Plaintiff's wages and the decision to terminate him.

## FACTUAL BACKGROUND

10.  The foregoing paragraphs are incorporated herein as if set forth in full.

11.  Plaintiff worked for Defendant Samuels for more than 15 years.

12.  Plaintiff was a nonexempt, full time, hourly paid employee. Defendant Samuels entered into an agreement where in Plaintiff was paid $18.90 per hour plus was entitled to two breaks per day.

13.  During the last five years of his employment with Defendant Samuels, Plaintiff was entitled to take two (2) five (5) minute breaks per day per company policy. Plaintiff never

{J0163657.DOCX}

took those breaks because no other employee was made available to relieve him in order for him to take those breaks.  Plaintiff was never paid extra time nor, when applicable, overtime in lieu of not being able to take these breaks.

14.     Plaintiff also occasionally ate his lunch at his workstation while performing work without clocking out for lunch; including on the afternoon of October 17, 2014.

15.     On October 17, 2014, Plaintiff was eating lunch at his workstation when Defendant Falcone observed him eating at his work station.

16.     Defendant Falcone told Plaintiff that he should not be eating at his desk.

17.     Later that same afternoon, Defendant Falcone called Plaintiff to his office to give him a warning report for eating at his work station and not clocking out for his lunch break. The warning report stated that Defendant Falcone had reviewed Plaintiff's time swipes and erroneously alleged that Plaintiff had not clocked out for his lunch breaks since June.

18.     Defendant Falcone also reminded Plaintiff that he was an hourly employee.

19.     Plaintiff asked that since he was being reminded that he was an hourly employee, he wanted to know who would be relieving him so that he could take his two (2) five (5) minute breaks each day as per company policy. He stated that no one ever offered the last five (5) years to relieve him so that he could take these breaks.  Plaintiff did not raise his voice and at no time during this conversation or otherwise did Plaintiff refuse to carry out any order or direction given by Defendant Falcone.

20.     When Plaintiff asked how this failure to allow him breaks the last five (5) years would be rectified, Defendant Falcone responded, "Tough."

21.     Plaintiff responded that an independent third party like the NLRB might have a different opinion on this issue.

{J0163657.DOCX}

22.     Plaintiff should have been paid the time, including overtime when applicable, for not being permitted to take these breaks.

23.     Thereafter, Defendant Falcone proceeded to the copy machine, made a copy of the Warning and gave Plaintiff a copy of the warning report.  Defendant Falcone then said to Plaintiff, "don't tell me how to do my job."  Plaintiff responded calmly "maybe somebody ought to."

24.     The Warning indicated that Plaintiff could be suspended if he did not improve his performance in this area.

25.     Very soon after Plaintiff raised his complaint to Defendant Falcone about the wage and hour practices of Defendant Samuels, Samuels' CFO John Harty informed Plaintiff that he was being "let go."

26.     Mr. Harty told Plaintiff he was being terminated for insubordination.

27.     Plaintiff questioned Mr. Harty as to what act of insubordination he allegedly committed and was told by Mr. Harty that he was being terminated for threatening Defendant Falcone with going to a 3rd party agency, the NLRB.

28.     Plaintiff indicated that he merely told Mr. Falcone that the NLRB might have a different opinion as to the break issue.

29.     Defendant Samuels' President and principal owner, Sam D'Angelo then entered Plaintiff's work area to ask what he "had done to Mr. Falcone." He told Plaintiff that Defendant Falcone was beside himself, was calling the company's lawyer and that Defendant Falcone had told Mr. D'Angelo that Plaintiff had threatened him with going to an outside agency.

30.     Again, Plaintiff explained to Mr. D'Angelo about the earlier conversation he had with Defendant Falcone and indicated that he was calm during the entire time, was not out of line

{J0163657.DOCX}

and merely expressed his view that the NLRB might have a different opinion of the break issue than Defendant Falcone.

31.   When Mr. D'Angelo left, Plaintiff asked Mr. Harty for a written letter of termination stating why he was fired. He told Plaintiff that Defendant Samuels, at that time, was not prepared to give Plaintiff such a letter.

32.   Subsequently, on October 25, 2014, Plaintiff received a written termination letter indicating that he was terminated for insubordination.

## COUNT I
## VIOLATION OF THE FLSA
### Plaintiff v. Samuels and Son Seafood, Co., Inc and Mark Falcone
### (Failure to pay wages)

33.   The foregoing paragraphs are incorporated herein as if set forth in full.

34.   At all times relevant herein, Defendant Samuels was and continues to be an "employer" within the meaning of the FLSA.

35.   At all times relevant herein, Plaintiff was employed by Defendant Samuels as an "employee" within the meaning of the FLSA.

36.   At all relevant times herein, Defendant Falcone was a decision maker with respect to decisions regarding Plaintiff's wages.

37.   Under the FLSA, an employer must timely pay an employee for all work performed.

38.   Plaintiff was an hourly employee.

39.   Defendants violated the FLSA by failing to properly pay Plaintiff compensation for time he worked through his lunch break and the two daily breaks.

40.   Defendants' conduct in failing to properly pay Plaintiff was willful and was not based upon any reasonable interpretation of the law.

{J0163657.DOCX}

41.    As a result of the Defendants' unlawful conduct, Plaintiff has suffered damages as set forth herein.

42.    Plaintiff is entitled to be paid for a period of three (3) years for all break time he was not permitted to take and any and all lunch time he worked when not being provided at least thirty (30) uninterrupted minutes to complete lunch.

WHEREFORE, the Plaintiff demands judgment against the Defendants as follows:

(a)    Defendants are to be prohibited from continuing to maintain their illegal policy, practice or custom in violation of the FLSA and the Pennsylvania Wage Payment and Collection Act;

(b)    Defendants are to compensate, reimburse, and make Plaintiff whole for any pay that he would have received had it not been for Defendants' illegal actions, including but not limited to past lost earnings;

(c)    Pursuant to the FLSA, liquidated damages in an amount equal to the actual damages in this case;

(d)    Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable law;

(e)    Any all other relief this Court deems just and proper.

### COUNT II
### VIOLATION OF THE FLSA
### Plaintiff v. Samuels and Son Seafood, Co., Inc. and Mark Falcone

**(Retaliation)**

43.    The foregoing paragraphs are incorporated herein as if set forth in full.

44.    On the same day and within minutes of Plaintiff questioning Defendants' failure to properly compensate him for work he performed, Plaintiff was terminated and was told by the

{J0163657.DOCX}

Defendant Samuels' President and its CFO that his termination occurred because he had threatened to report his employer to an outside governmental agency.

45.    Defendants' assertion that it terminated Plaintiff for insubordination is false, pre-textual and is merely a false justification for the violation of Plaintiff's rights protected by the anti-retaliatory provisions of the FLSA.

46.    Defendants did in fact terminate Plaintiff because of and in retaliation for having made an oral complaint of Defendants' failure to properly pay him for work he performed.

47.    As such, Plaintiff was terminated for having engaged in protected activity as defined by the FLSA, 29 U.S.C. §215(a)(3) and has suffered damages as set forth herein.

WHEREFORE, the Plaintiff demands judgment against the Defendants as follows:

(a)    Defendants are to be prohibited from continuing to maintain their illegal policy, practice or custom in violation of the FLSA;

(b)    Defendants are to compensate, reimburse, and make Plaintiff whole for any pay that he would have received had it not been for Defendants' illegal actions, including but not limited to past lost earnings and future earnings;

(c)    Pursuant to the FLSA, liquidated damages in an amount equal to the actual damages in this case;

(d)    Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable law;

(e)    Punitive damages; and

(f)    Any all other relief this Court deems just and proper.

{J0163657.DOCX}

## COUNT III
### PENNSLYVANIA WAGE PAYMENT AND COLLECTION LAW
### Plaintiff v. Samuels and Son Seafood, Co., Inc. and Mark Falcone

48.    The foregoing paragraphs are incorporated herein as if set forth in full.

49.    Under the PWPCA, an employer must pay its employees for all time worked in a timely manner.

50.    Defendants had a policy that employees were to clock out for lunch and for two (2) five (5) minute breaks.

51.    Defendants' violations of the PWPCA include but are not limited to failing to pay Plaintiff for work performed through his lunch break and his two other breaks which he was never relieved to take for a period of five (5) years.

52.    Defendants' conduct in failing to pay Plaintiff properly was willful and was not based upon any reasonable interpretation of law.

WHEREFORE, the Plaintiff demands judgment against the Defendants as follows:

(a)    Defendants are to be prohibited from continuing to maintain their illegal policy, practice or custom in violation of the FLSA and Pennsylvania Wage Payment and Collection Act;

(b)    Defendants are to compensate, reimburse, and make Plaintiff whole for any pay that he would have received had it not been for Defendants' illegal actions, including but not limited to past lost earnings;

(c)    Pursuant to the PWPCA, liquidated damages as required by the Act;

(d)    Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable law;

{J0163657.DOCX}

(e)    Any all other relief this Court deems just and proper.


SALMON, RICCHEZZA, SINGER & TURCHI LLP


By: _Joseph L. Turchi_____
     Joseph L. Turchi, Esquire
     Michele L. Weckerly, Esquire
     1601 Market Street, Suite 2500
     Philadelphia, PA 19103
     (215) 606-6600
     Attorneys for Plaintiff

Date: 11/20/14


{J0163657.DOCX}